## APPEAL OF MUELLER METALS CO.

Docket No. 4395.    Submitted October 16, 1925.    Decided November 25, 1925.

Under the evidence, *held*, that the amount of $40,000 due under a contract with the Port Huron Chamber of Commerce was not taxable income in the fiscal year 1919.

*H. A. Mihills, C. P. A.*, for the taxpayer.
*Thomas P. Dudley, Jr., Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency for the fiscal year ended November 30, 1919, in the amount of $23,978.09, of which $15,802.41 is in controversy. The taxpayer alleges error on the part of the Commissioner in allocating as income to the taxable year 1919, instead of 1918, an amount of $40,000, which was payable to the taxpayer by the Port Huron Chamber of Commerce upon the location and construction of a plant at Port Huron, Mich.

## FINDINGS OF FACT.

1. The taxpayer is a domestic corporation with its principal place of business located at Port Huron, Mich., and was organized November 30, 1917.

2. The H. Mueller Manufacturing Co., Ltd., was a Canadian corporation, engaged in the business of making munitions for the Canadian and British Governments. This corporation had developed a process for forging brass which materially reduced the cost of manufacturing fuses. Upon the entry of the United States into the World War this company was solicited to manufacture these brass forgings in the United States. Upon searching for a desirable location for its American plant, it received an attractive offer from the Port Huron Chamber of Commerce. Port Huron, Mich., was just across the border line of Canada from the town of Sarnia, the location of the Canadian plant. The Port Huron Chamber of Commerce made an offer of $40,000, provided the Canadian company would construct and operate a plant in Port Huron. Negotiations resulted in a contract, which was entered into September 8, 1917, by the Port Huron Chamber of Commerce and the H. Mueller Manufacturing Co., Ltd., the pertinent parts of which are as follows:

Memorandum of agreement made and entered into this Eighth Day of September, A. D., 1917.

Between: *H. Mueller Mfg. Co., Limited*, of Sarnia, Ontario, Canada, hereinafter called the "*Party*" of the *First Part*,
And
*The Chamber of Commerce* of Port Huron, Michigan, hereinafter called the "*Party*" of the *Second Part*.

Whereas the Party of the First Part has agreed to locate a Manufacturing Plant in the City of Port Huron, for the purpose of manufacturing Brass Rod, Forgings, Castings and kindred lines, and whereas, the Party of the Second Part in consideration thereof, and in order to induce such establishment in the City of Port Huron, had agreed to assist the Party of the First Part as hereinafter set out.

Now therefore this agreement witnesseth that:

In consideration of the mutual covenants, and terms herein, the Parties hereto covenant and agree each with the other as follows:

1. The Party of the First Part agrees to expend the sum of Four Hundred Thousand Dollars ($400,000.00) in the City of Port Huron, for the purchase of a site, erection of buildings, purchase of manufacturing equipment, etc.

2. The party of the Second Part agrees to purchase for the Party of the First Part, and to transfer to it in fee simple, free from encumbrance, the following Real Estate, Fixtures and Office Equipment, for a sum not to exceed Forty-five Thousand Dollars ($45,000.00).

          *          *          *          *          *          *          *
[Description of Land.]

3. The Party of the Second Part agrees to have properly installed before the First day of November, 1917, the following water mains, without expense to the Party of the First Part.

          *          *          *          *          *          *          *

[Description of Water Mains.]

4. [Relates to Sewers.]

5. The Party of the Second Part in consideration of the promise by the Party of the First Part to expend the sum of Four Hundred Thousand Dollars ($400,000.00) on its plant, site, buildings, equipment, etc., agrees to pay to the Party of the First Part Ten per cent (10%) of the wages and salaries paid by the Party of the First Part in connection with its business and plant in Port Huron; the first payment to be made March first, 1918, and thereafter quarterly until the sum of Forty Thousand Dollars ($40,000.00) has been paid by the Party of the Second Part to the Party of the First Part. The said Ten per cent (10%) shall be based upon all wages and salaries as herein mentioned, but no one payment shall be greater than the sum of Ten Thousand Dollars ($10,000.00) and any amount owing, or any balance owing to the Party of the First Part on the First day of March, 1918, or any quarterly date thereafter exceeding the said sum of Ten Thousand Dollars ($10,000.00) shall be added to and included in the subsequent payments.

3. The H. Mueller Manufacturing Co., Ltd., was owned and controlled by five Mueller brothers and a sister. On or about November 30, 1917, the taxpayer was incorporated in the United States, with the same stockholders as the Canadian corporation. The above contract was assigned to and taken over by the taxpayer. It was understood by the Port Huron Chamber of Commerce that such a corporation would be organized for the purpose of constructing and operating this plant.

4. The taxpayer thereupon constructed the plant, expending thereon prior to the expiration of the fiscal year ended November 30, 1918, the following:

| | |
|---|---|
| Buildings | $419,118.40 |
| Fixed machinery and tools | 754,930.02 |
| Operating labor | 447,047.32 |
| | 1,621,095.74 |

5. Prior to the expiration of the fiscal year ended November 30, 1918, the said Port Huron Chamber of Commerce paid to the taxpayer on said contract $26,015, the payments being shown upon the books and records of the taxpayer as follows:

| | |
|---|---|
| Mar. 31, 1918 | $5,000 |
| Apr. 30, 1918 | 5,000 |
| June 3, 1918 | 5,000 |
| July 31, 1918 | 1,000 |
| Aug. 30, 1918 | 3,015 |
| Sept. 30, 1918 | 5,000 |
| Oct. 31, 1918 | 1,000 |
| Nov. 30, 1918 | 1,000 |
| Total | 26,015 |

The payments made to the taxpayer on said contract during the fiscal year ended November 30, 1919, were as follows:

| | |
|---|---:|
| Dec. 31, 1918 | $4,000 |
| Jan. 31, 1919 | 1,000 |
| Feb. 28, 1919 | 1,000 |
| Mar. 31, 1919 | 1,000 |
| May 31, 1919 | 1,126 |
| Aug. 31, 1919 | 1,000 |
| Total | 9,126 |

The balance of account due the taxpayer, as shown on the books of the taxpayer at the end of the fiscal year November 30, 1919, after making certain adjustments of additional debits, was $5,931.05.

6. The books of the taxpayer were kept on the accrual basis.

7. The books of the taxpayer disclosed that a journal entry was made March 12, 1918, charging the Port Huron Chamber of Commerce with $40,000 and crediting the H. Mueller Manufacturing Co., Ltd., with $40,000. This entry was subsequently corrected November 30, 1919, by an entry in the journal which canceled the credit entry to H. Mueller Manufacturing Co., Ltd., and substituted a credit to an account of "losses and recoveries." This latter account was opened in 1919 and also kept during 1920 and 1921 and used to receive debit and credit entries of surplus transactions which affected prior years. The taxpayer has heretofore treated this $40,000 as a donation and not taxable income, but has since abandoned this claim and now alleges that it is income for the fiscal year ended November 30, 1918, and that the Commissioner was in error in allocating it to the fiscal year ended November 30, 1919.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be made on 15 days' notice, under Rule 50.

### OPINION.

TRAMMELL: In this appeal the taxpayer alleges that the Commissioner was in error in allocating to the fiscal year ended November 30, 1919, the amount of $40,000, derived from its contract with the Port Huron Chamber of Commerce. From the evidence in the record we sustain the contention of the taxpayer. The facts are simple. By the terms of the contract the H. Mueller Manufacturing Co., Ltd., or its assigns, was to expend at least $400,000 in the construction of a manufacturing plant, and the Chamber of Commerce was to pay the said company $40,000. Payments were to be made by the

Chamber of Commerce on a basis of 10 per cent of the money expended for labor. The taxpayer, composed of the same stockholders. as the Canadian Company, took over the contract and assumed the obligations. Over this there is no dispute. The taxpayer has more than fulfilled its part of the contract. Prior to November 30, 1918,. it had expended $419,118 for buildings, $754,930.02 for machinery and equipment, and $447,047.32 for operating labor, or a total of $1,621,095.74. In addition to this, it was actually manufacturing and delivering its products. The Chamber of Commerce during this fiscal year had paid $26,015 in cash. The reason for the delay in paying the balance of the $40,000 does not appear in the record, but it was subsequently paid. Under the terms of the contract, according to the evidence adduced, the entire amount of $40,000 was clearly earned prior to November 30, 1918. The books of the taxpayer were kept on the accrual basis. It is true there was a book entry of March 12, 1918, charging this amount to the Port Huron Chamber of Commerce and crediting the H. Mueller Manufacturing Co., Ltd., and a subsequent correction November 30, 1919, under a loss and recovery account, but this has been satisfactorily explained. Irrespective of these entries, however, the undisputed facts clearly indicate that this amount did not accrue to the taxpayer during the fiscal year ended November 30, 1919.